UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDERICK BLUNT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 07 CV 6753 |
| v. ) | |
| ) | Judge Zagel |
| EXELON/COMMONWEALTH ) | |
| EDISONCOMPANY, ) | Magistrate Judge Brown |
| ) | |
| Defendants. ) | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT OF EMPLOYMENT DISCRIMINATION

Defendant Commonwealth Edison Company (mistakenly referred to as "Exelon/Commonwealth Edison Company") (hereafter "Defendant") pursuant to Rules 8 and 10 of the Federal Rules of Civil Procedure, answers Plaintiff's Amended Company of Employment Discrimination as follows:

1. This is an action for employment discrimination.

**RESPONSE: Defendant admits the allegation in Paragraph 1.**

2. The plaintiff is Frederick Blunt of the county of Cook in the state of Illinois.

**RESPONSE: Defendant admits the allegation in Paragraph 2.**

3. The defendant is Exelon/Commonwealth Edison, whose street address is 10 South Dearborn Street, (city) Chicago (county) Cook (state) Illinois (ZIP) 60603
(Defendant's telephone number)    (815) – 467-3621

**RESPONSE: Defendant affirmatively states that its proper corporate name is**

**"Commonwealth Edison Company," and that it is sometimes known as "ComEd."**

**Defendant further states that its corporate parent is Exelon Corporation. Defendant denies**

**that Exelon Corporation is a proper party defendant or has anything to do with this case. Defendant admits that it has corporate offices at the indicated address. Defendant denies the remaining allegations in Paragraph 4.**

4. The plaintiff sought employment or was employed by the defendant at (street address) 1910 Briggs Street (city) Joliet (county) Cook (state) Illinois (ZIP code) 60419

**RESPONSE: Defendant admits the allegation in Paragraph 4.**

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

**RESPONSE: Defendant admits the allegations in Paragraph 5.**

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) February, (day) 2nd, (year) 2006.

**RESPONSE: Defendant denies the allegations in Paragraph 6.**

7. (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*]

    ☐ *has not*

    ☒ *has*

    filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) ☒ the United States Equal Employment Opportunity Commission, on or about (month) September (day) 18th (year) 2006.

    (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

    (a) If charges *were* filed with an agency indicated above, a copy of the charge is attached.

☒ YES.   ☐ NO, but plaintiff will file a copy of the charge within 14 days.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**RESPONSE: Defendant affirmatively states that some of the claims in the instant Amended Complaint were not contained in the administrative Charge. Defendant denies any allegations in Paragraph 7 inconsistent with the foregoing. Defendant admits the remaining allegations in Paragraph 7.**

8.  *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    .   (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

    (b) ☒ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) September (day) 24th (year) 2007 a copy of which *Notice* is attached to this complaint.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to when Plaintiff received the Right-To-Sue letter. Defendant admits the remaining allegations in Paragraph 8.**

9.  The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:
    (a) ☐ Age (Age Discrimination Employment Act).
    (b) ☒ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (c) ☐ Disability (Americans with Disabilities Act or Rehabilitation Act)
    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).
    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)
    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

**RESPONSE: Defendant denies the allegations in Paragraph 9.**

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**RESPONSE: Plaintiff makes no allegations in Paragraph 10. Defendant affirmatively states that it is not a governmental entity, and therefore denies that jurisdiction is proper under § 1983.**

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**RESPONSE: Defendant admits that the Court has jurisdiction over Plaintiff's claims under Title VII and § 1981 by reason of the indicated statutes. Defendant denies that Plaintiff has complied with the statutory prerequisites for filing a claim under Title VII.**

12. The defendant [*check only those that apply*]
    - (a) ☐ failed to hire the plaintiff.
    - (b) ☒ terminated the plaintiff's employment.
    - (c) ☐ failed to promote the plaintiff.
    - (d) ☐ failed to reasonably accommodate the plaintiff's religion.
    - (e) ☐ failed to reasonably accommodate the plaintiff's disabilities.
    - (f) ☐ failed to stop harassment;
    - (g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;
    - (h) ☐ other (specify):_____

_____

_____

**RESPONSE: Defendant admits the allegation in Paragraph 12.**

The facts supporting the plaintiff's claim of discrimination are as follows:

(a) I was hired in Commonwealth Edison as a Meter Reader on December 6, 1984, (twenty four) 24 yrs ago.[1]

**RESPONSE: Defendant admits the allegation in Paragraph 13(a).**

(b) My first five (5) years of service I didn't <u>miss</u> a day of work I was twenty four years old.

**RESPONSE: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13(b), and on that basis denies them.**

(c) While I was reading meters I enroll myself in the electrical engineering courses I and also Engineering II, In which I completed in the first two years of my employment.

**RESPONSE: Defendant affirmatively states that its records show that Plaintiff completed a course in Elementary Electrical Engineering II in the spring of 1989 in an after hours program. Defendant denies any allegations in Paragraph 13(c) contrary to the foregoing and denies any remaining allegations in the Paragraph.**

(d) I was awarded my certificates for completion of the engineering courses as well as perfect attendance for the (5th) fifth year continuous.

**RESPONSE: Defendant admits that Plaintiff received the certificate of completion for the engineering course, but is without information or knowledge sufficient to form a belief as to the perfect attendance certificate. Defendant denies any remaining allegations in Paragraph 13(d).**

(e) The following year, I was choosen allong with eleven others to attend climbing school, for overhead or underground department, my choice was underground.

**RESPONSE: Defendant affirmatively states that Plaintiff became a cable splicer, effective**

---

[1] Defendant labeled the various subparagraphs of the statement in Paragraph 13 to make the response easier to follow. Defendant has otherwise reproduced the allegations as written by Plaintiff, including punctuation and spelling.

5

**April 29, 1991.  Defendant is without information or knowledge sufficient to form a belief as to precisely when Plaintiff was offered the opportunity to go to school.  Defendant denies any remaining allegations in Paragraph 13(e).**

    (f)  I have spent 16 yrs as a Journeyman Electrician Specialist in underground cable splicering.  I've spent a lot of time from home working the overtime that was required of me.

**RESPONSE:  Defendant affirmatively states that Plaintiff has been a cable splicer or a crew leader since 1991.  Defendant admits that Plaintiff has worked required overtime.  Defendant denies any allegations in Paragraph 13(f) contrary to the foregoing.**

    (g)  Regardless, of looseing my family in a divorce I did what was required of me in regardles of call-out response.

**RESPONSE:  Defendant is without information or knowledge sufficient to form a belief as to the divorce.  Defendant admits that Plaintiff has complied with call out requests.**

    (h)  I recal in the mid 1990 and the early 2000 when the loop was flooded, and under ground Journeyman was needed also when Mayor Daley was unhappy about faulted and old cable wire to be replaced, I have sacrifice my family.

**RESPONSE:  Defendant is without information or knowledge sufficient to form a belief as to what Plaintiff recalls about what happened in the mid-1990s and early 2000.  Defendant denies any remaining allegations in Paragraph 13(h).**

    (i)  Later in my career I was promoted from Journeyman cable-splicer, to crewleader. In which leads to more responsibilities, working in conjunction with the foremans.

**RESPONSE:  Defendant admits the allegation in Paragraph 13(i).**

    (j)  My foremans always graded me excellent or close to that on my <u>appraisals</u>  I've never been written up in my (twenty four) 24 yrs service.  I am a team player I work hard, my work is EFFECTIVE <u>and</u> Efficient.

**RESPONSE:  Defendant denies the allegations in Paragraph 13(j).**

    (k)  I would like to say that there's never been a Fatality on my crew and I never got

someone hurt or Injured.

**RESPONSE: Defendant is without information or knowledge sufficient to form a belief as to anyone ever getting hurt on his crew. Defendant denies any remaining allegations in Paragraph 13(k).**

(l) Under the Exelon/COM-Ed alcohol and controlled substances policies. I was not at work nor on the property of my Employer. Exelon violated these policies and terminated ME because of wrongfully TESTED.

**RESPONSE: Defendant denies the allegations in Paragraph 13(l).**

(m) According to Exelon/Com-Ed employee standards of conduct non-black African American people are treated better, when it relates to violation of company policies. Non-African America was re-hired when he was wrongfully tested positive for alcoholic beverages, Illegal or controlled substances, In the year of 2002-2003. He was in Electrical Overhead Department at the University Park Headquarters.

**RESPONSE: Defendant denies the allegations in Paragraph 13(m).**

(n) Also, you have non-African American that stolen Bob-cat equipment out of the reporting Headquarters, and did not loose his job and his third offense.

**RESPONSE: Defendant is without information or knowledge sufficient to form a belief regarding the allegations in Paragraph 13(n).**

(o) There was a non-african American that was caught sleeping in the back of the truck lying down and video recorded by a Superintend who happen to be at a soccer game on a Saturday Evenning. There was not any disciplined.

**RESPONSE: Defendant is without information or knowledge sufficient to form a belief regarding the allegations in Paragraph 13(o).**

(p) There happen to be many more such as a non-Black has ran a switching routine on at lease three or Four occasion and has Lost electricity to three to Four towns in six month period. Their was not alcohol or Illegal controlled substances requested, and there were no TIME OFF OR TERMINATION.

**RESPONSE: Defendant is without information or knowledge sufficient to form a belief regarding the allegations in Paragraph 13(p).**

(q) These are some of the concerns that I have with Exelon/Com-Ed, when there are black people in the Picture, Therefore I believe we are treated differently.

**RESPONSE: Defendant denies that it treats employees differently based on race and denies the remaining allegations in Paragraph 13(q).**

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**RESPONSE: Plaintiff makes no allegation against Defendant in Paragraph 14.**

15. The plaintiff demands that the case be tried by a jury. ☒ YES   ☐ NO

**RESPONSE: Defendant admits that Plaintiff demands a jury trial.**

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

   (a) ☐ Direct the defendant to hire the plaintiff.
   (b) ☒ Direct the defendant to re-employ the plaintiff.
   (c) ☐ Direct the defendant to promote the plaintiff.
   (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.
   (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.
   (f) ☐ Direct the defendant to (specify): _____

   _____

   _____

   (g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐   Grant such other relief as the Court may find appropriate.

**RESPONSE: Defendant admits that Plaintiff has asked for the indicated relief. Defendant denies that Plaintiff is entitled to anything by reason of the Amended Complaint.**

### ADDITIONAL AND AFFIRMATIVE DEFENSES

Answering further, in accordance with Rule 8 of the Federal Rules of Civil Procedure, Defendant states the following defenses and affirmative defenses to the allegations in the Amended Complaint.

1. The Court is not able to provide relief under Title VII because Plaintiff has failed to comply with an essential statutory prerequisite: he failed to serve Defendant with a complaint that had been filed within 90 days after his receipt of the EEOC's Right-To-Sue notice.

2. Plaintiff attempts to seek relief under Title VII based upon claims that are outside the scope of his EEOC Charge. All claims that are outside the scope of the predicate EEOC Charge are barred.

3. Plaintiff's claims, or some of them, are barred to the extent that they are based on acts that occurred outside the applicable statute of limitations.

4. Plaintiff's claim for damages should be denied or limited because he has, on information and belief, failed to mitigate his damages.

5. Plaintiff's claim for punitive damages is barred or limited by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution.

6. Plaintiff's claim for punitive damages should be denied because Defendant made good faith efforts to comply with all relevant federal anti-discrimination laws and, if any discriminatory conduct occurred, Defendant is not liable in punitive damages for the acts of its

non-managerial employees and is not vicariously liable for the discriminatory employment decisions of managerial agents which are contrary to defendant's good faith efforts to comply with the law.

7.　Defendant gives notice that it intends to rely upon such other defenses as may become available or apparent during discovery in this case, and hereby reserves the right to amend this Answer to assert and/or pursue any such defenses in the future.

WHEREFORE, Defendant Commonwealth Edison Company respectfully requests that Plaintiff's Amended Complaint of Employment Discrimination be dismissed in its entirety with prejudice, that judgment be entered in ComEd's favor, that ComEd be awarded its attorneys' fees and costs, and that ComEd be awarded such other and further relief as this Court deems just and proper.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

Dated: August 29, 2008　　　　　　　　　DEFENDANT COMMONWEALTH EDISON COMPANY

　　　　　　　　　　　　　　　　　　　　By:　　　s/Kent Sezer　　　
　　　　　　　　　　　　　　　　　　　　　　　　One of its attorneys

Kent Sezer (ARDC #2556359)
EXELON BUSINESS SERVICES COMPANY
10 South Dearborn Street, 49th Floor
Chicago, Illinois 60603
(312) 394-7158
(312) 394-4895 fax

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused a copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT OF EMPLOYMENT DISCRIMINATION,** to be filed by electronic means pursuant to the U.S. District Court for the Northern District of Illinois's General Order on Electronic Case Filing and service was accomplished by U.S. Mail, Postage prepaid to the following:

> Frederick Blunt
> 15108 University Avenue
> Dolton, IL 60419

on this 29th day of August, 2008.

                                                    s/Kent Sezer